UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REPUBLIC OF KAZAKHSTAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-2067 (ABJ) |
| ANATOLIE STATI, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff, the Republic of Kazakhstan ("Kazakhstan"), has brought this action against defendants, Anatolie Stati and Gabriel Stati and the two companies they own, Ascom Group, S.A. ("Ascom") and Terra Raf Trans Traiding Ltd. ("Terra Raf") for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the common law torts of fraud and civil conspiracy. Compl. ¶ 1 [Dkt. # 1]. Kazakhstan claims that defendants obtained an arbitral award from the Stockholm Chamber of Commerce ("SCC") in Sweden through fraud, and it seeks damages, attorneys' fees, and an injunction preventing defendants from enforcing the arbitral award in the United States. *Id.* at 92–93 ("Prayer for Relief").[1]

On February 26, 2018, the Clerk of Court entered defaults against two of the four defendants – Ascom and Terra Raf – due to their failure to answer the complaint. Clerk's Entry of Default Re: Terra Raf [Dkt. # 8]; Clerk's Entry of Default Re: Ascom [Dkt. # 9]. A few days

---

1    In a related case to enforce the same arbitral award, Kazakhstan raised, and the Court rejected, similar arguments based on alleged fraud. *See Anatolie Stati v. Republic of Kazakhstan*, No. 14-1638, 2018 WL 1461898, at *3–9, 16 (D.D.C. Mar. 23, 2018) (granting petition to confirm SCC arbitral award because "none of the grounds for refusal or deferral of the award set forth in the New York Convention apply").

later, on March 2, 2018, defendants moved to vacate the entries of default, *see* Defs.' Mot. to Vacate Entry of Default Against Ascom and Terra Raf [Dkt. # 13] ("Defs.' Mot."); Mem. in Supp. of Defs.' Mot. [Dkt. # 14] ("Defs.' Mem."), and plaintiff opposed the motion. Kazakhstan's Opp. to Defs.' Mot. [Dkt. # 15] ("Pl.'s Opp."). For the reasons that follow, the Court will grant defendants' motion.

## ANALYSIS

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court must exercise its discretion in making such a determination, but in this Circuit, "strong policies favor resolution of disputes on their merits." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980); *see also Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011) (pointing to *Jackson v. Beech* for the same proposition). "In exercising its discretion, the district court is supposed to consider 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Mohamad*, 634 F.3d at 606, quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). "Because of the strong preference for resolving disputes on the merits, any doubts must be resolved in favor of the party seeking relief from the default." *Gray v. Staley*, 310 F.R.D. 32, 35 (D.D.C. 2015), citing *Jackson*, 636 F.2d at 837.

Before the Court can analyze whether good cause exists to vacate the entry of default, it must first address the threshold requirement set forth in Local Civil Rule 7(g) which provides that "[a] motion to vacate an entry of default, or a judgment by default, or both, shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part." LCvR 7(g). Defendants have not filed an answer with their motion. Instead, they request that the Court exercise its discretion and permit them to file a motion to dismiss by May 4, 2018, which is sixty

days from the date the last defendant in this case was served.[2] Defs.' Mem. at 5 n.3; Defs.' Reply at 6 n.2.

The Court will grant this request as a matter of judicial efficiency. It sees no reason why the four defendants, all represented by the same counsel, should be required to file separate answers or other responsive pleadings to the same complaint.[3] Furthermore, this ruling is consistent with the Circuit's strong preference to proceed on the merits. *See Jackson*, 636 F.2d at 837; *see also Azamar v. Stern*, 275 F.R.D. 1, 4 n.3 (D.D.C. 2011) (noting that "courts have proceeded with considering the merits of a motion to vacate default despite the failure to comply with [Local Civil Rule 7(g)], partially due to the preference for allowing a case to proceed on the merits rather than allowing the entry of default to stand on a purely procedural ground").

With respect to the motion to vacate the defaults, the Court has considered each of the Rule 55(c) factors, and it finds that there is good cause to vacate the defaults entered against Ascom and Terra Raf. The first factor – whether the default was "willful" – requires more than negligent conduct. *See, e.g., Gray*, 310 F.R.D. at 35 ("To show willfulness, a moving party need not establish bad faith, though it must demonstrate more than mere negligence."); *see also Wilson v. Superclub Ibiza, LLC*, 279 F.R.D. 176, 179 (D.D.C. 2012) (same). Here, defendants contend that their failure to respond to the complaint was "borne of negligence," Defs.' Reply at 2, that is "a combination of miscommunication, colorable questions concerning the sufficiency of service with respect to . . . [d]efendant Terra [Raf], lack of service on Gabriel Stati, and [p]laintiff's failure to

---

2     According to defendants, service of the other two defendants, Anatolie Stati and Gabriel Stati, was completed, although no certificate of service has been filed with the Court. *See* Reply Mem. in Supp. of Defs.' Mot. [Dkt. # 16] ("Defs.' Reply") at 6 n.2.

3     The Court notes that all four defendants have now filed a motion to dismiss the complaint. *See* Defendants' Motion to Dismiss [Dkt. # 19].

file certificates of service [on the public docket] when it considered service to have been completed." Defs.' Mem. at 3. And they assert that despite this initial delay in responding, defendants are now ready and eager to defend against the suit. Defs.' Reply at 2.

Although the Court does not condone defendants' negligent behavior, there is no indication that they deliberately tried to delay this case or acted with wanton or willful disregard for their legal responsibilities. *See Gray*, 310 F.R.D. at 35 (holding that the defendants' two-month delayed response was not willful under Rule 55(c) because they had not failed to defend against the case or otherwise engaged in "dilatory tactics"); *see also Kusi v. British Airways Corp.*, No. 96-2868, 1997 WL 420334, at *1 (D.D.C. July 17, 1997) (holding that the defendant's failure to respond to complaint due to miscommunication between its foreign corporate headquarters and its U.S. counsel was excusable neglect since there was no indication that the defendant "acted with willful disregard for its legal responsibilities").

In fact, a day after the Clerk of Court entered the defaults against Ascom and Terra Raf, counsel for defendants entered their appearance and emailed plaintiff's counsel seeking to negotiate a briefing schedule. Ex. A to Defs.' Reply [Dkt. # 16-3]; Notice of Appearance James E. Berger [Dkt. # 10]; Notice of Appearance Charlene C. Sun [Dkt. # 11]; Notice of Appearance Taylor T. Lankford [Dkt. # 12]. And shortly thereafter, defendants filed this motion to vacate the defaults. Defs.' Mot. So this is not a case where defendants were "totally unresponsive," *see Jackson*, 636 F.2d at 836 (noting that default judgment should be reserved for situations involving a "totally unresponsive party"), and since "enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice," the Court finds that this delay is excusable under Rule 55(c). *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 25 (D.D.C. 2003).

Moreover, plaintiff will not be prejudiced by vacating the defaults. There is no indication that the delay in this case has caused witnesses to disappear or physical evidence to deteriorate. *See Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 394 (D.D.C. 2005), citing *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003) (noting that prejudice results from the dangers that accompany delay such as "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion"). Plaintiff asserts that "delay enhances [defendants'] opportunity to perpetuate their fraudulent scheme." Pl.'s Opp. at 9. But this claim is not well-founded since the danger plaintiff seeks to forestall is an effort by the defendants to enforce the arbitral award through legal systems in "multiple jurisdictions." *Id*. And the arbitral award has already been upheld by the Swedish Supreme Court and recently by this Court notwithstanding the fraud allegations. *See Stati,* 2018 WL 1461898 at *5, 16.

Finally, defendants have met the third criteria for vacating the defaults because they have proffered a potentially meritorious defense based on their contention that the complaint fails to allege a prima facie RICO claim because the vast majority of the conduct is lawful and occurred outside the United States. Defs.' Mem. at 5; *see Mohamad*, 634 F.3d at 606 ("[A]llegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense."), quoting *Keegel*, 627 F.2d at 374.

Accordingly, for the reasons stated, the Court will grant defendants' motion, [Dkt. # 13], to vacate the defaults entered against Ascom and Terra Raf.

A separate order will issue.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: April 24, 2018